IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID HOLTHAUS, et al.**, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Civil No. **07-136-MJR** |
| | ) |
| **UNITED ABRASIVES, INC., et al.**, | ) |
| | ) |
| Defendants. | ) |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant True Grit Abrasives' motion to determine the sufficiency of defendant United Abrasives' answer– a succinct denial– of True Grit Abrasives' request for admission that True Grit Abrasives did not "design, manufacture or distribute" the Type 11 cup grinding wheel at issue in this case. **(Doc. 45).** Citing Federal Rule of Civil Procedure 36, True Grit Abrasives asserts that the denial is actually qualified by the affidavit of Joseph Patrello, which does not include a required recitation that Patrello and/or United Abrasives has made reasonable inquiry or that the response is based on information known or readily available. Rather, Patrello's affidavit merely states that he has reviewed the response and it is true and correct to the best of his knowledge and belief. **(*See* Doc. 44).**

United Abrasives objects to the subject motion, arguing that its response– a flat denial– is unequivocal, in compliance with Rule 36, and based on Patrello's proper affidavit. **(Doc. 47).** A second, longer affidavit by Patrello is included.

True Grit Abrasives misreads Rule 36, which states in pertinent part:

The answer shall specifically deny the matter or set forth in detail the reasons why

1

>the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.* A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

**Fed.R.Civ.P. 36(a) (emphasis added).** Of course, pursuant to Federal Rule of Civil Procedure 26(g), all signed discovery responses are deemed certified to be correct, to the best of the signer's knowledge, information and belief, *formed after reasonable inquiry*.

United Abrasives' denial of the request for admission is unequivocal; therefore, no additional statement is required. With that said, Patrello's most recent affidavit contradicts United Abrasive's flat denial that True Grit Abrasives did not *distribute* the grinding wheel at issue. Patrello clearly states that United Abrasives was the distributor of the grinding wheel. **(*See* Doc. 44).** Although this point is clearly not what True Grit's motion was aimed at, in light of Patrello's second affidavit, United Abrasives must now clarify its response to the request for admission.

**IT IS THEREFORE ORDERED** that defendant True Grit Abrasives' motion to determine the sufficiency of defendant United Abrasives' answer (as filed) **(Doc. 45)** is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **December 3, 2007**, defendant United Abrasives shall file an amended answer to True Grit Abrasives' request for admission, clarifying

the confusion created by Joseph Patrello's most recent affidavit indicating United Abrasives, not True Grit Abrasives, was the distributor of the grinding wheel at issue in this case.

**IT IS SO ORDERED.**

**DATED: November 26, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
