IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID HOLTHAUS, et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **07-136-MJR** |
| | ) | |
| **UNITED ABRASIVES, INC., et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant/third party defendant True Grit Abrasives' motion for leave to file: (1) an amended answer, affirmative defenses, counterclaim and jury demand to the third party complaint; and (2) an amended answer, affirmative defenses, counterclaim and jury demand to the first amended complaint.  **(Doc. 40).**  No objection to True Grit Abrasives' motion has been filed.

Also before the Court is plaintiffs David Holthaus and Margaret Holthaus's motion for leave to file a second amended complaint in order to add a claim for punitive damages.  **(Doc. 51).**  Defendant United Abrasives objects to the proposed addition of a claim for punitive damages, asserting that it is based merely on perception, rather than fact.  **(Doc. 52).**  Similarly, defendant True Grit Abrasives objects to the proposed amendment, arguing that such a claim cannot be brought as a matter of law, and that the facts do not support such a claim.  **(Doc. 53)**.

Insofar as defendant/third party defendant True Grit Abrasives desires to amend its answers, its motion **(Doc. 40)** is well taken, particularly in light of defendant United Abrasives' motion to strike portions of True Grit Abrasives' answers that refer to "indemnity."  However,

the necessity and/or timing of filing the amended responsive pleadings is likely to be affected by whether plaintiffs are permitted to file a second amended complaint.

In this judicial district, the magistrate judges rule on nondispositive motions, such as the aforementioned motions. In a situation such as this, where a party objects to a proposed amendment based on a dispositive argument, the decision to permit amendment is made independent of the merits of any legal attack on the merits of the proposed new or amended claim. Federal Rule of Civil Procedure 15 dictates that leave to amend is to be freely given when justice so requires. In this situation, plaintiffs contend that discovery– specifically the deposition of Joseph Patrello, Senior Vice President of United Abrasives, showed that, among other things, the defendants had knowledge of the dangerousness of the grinding wheel at issue as early as 1984. Without comment as to the ultimate viability of a punitive damages claim, this Court finds that Patrello's recent deposition testimony constitutes good cause for permitting the proposed addition of a punitive damages claim. Therefore, plaintiffs' motion is well taken.

**IT IS THEREFORE ORDERED** that defendant True Grit Abrasives' motion for leave to file: (1) an amended answer, affirmative defenses, counterclaim and jury demand to the third party complaint; and (2) an amended answer, affirmative defenses, counterclaim and jury demand to the first amended complaint **(Doc. 40)** is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs David Holthaus and Margaret Holthaus's motion for leave to file a second amended complaint in order to add a claim for punitive damages **(Doc. 51)** is **GRANTED**. Plaintiffs shall file their second amended complaint on or before **December 3, 2007.**

**IT IS FURTHER ORDERED** that upon the filing of plaintiffs' second amended complaint, the Clerk of Court shall have the record reflect that the following motions are moot:

1. True Grit Abrasives' motion for an extension of time to file its responsive pleading **(Doc. 24)**; and

2. United Abrasives' motion to strike True Grit Abrasives' answer to the first amended complaint and answer to the third party complaint and counterclaim **(Doc. 38)**.

**IT IS SO ORDERED.**

**DATED: November 26, 2007**

                                        s/ Clifford J. Proud
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**